UNITED STATES DISTRICT COURT
                             DISTRICT OF MINNESOTA

_____

RONALD HAYES,                                    Civil No. 13-885 (SRN/JJK)

        Plaintiff,

v.                                               **REPORT AND RECOMMENDATION**

RAMSEY COUNTY WORK HOUSE,

        Defendant.
_____


This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely

conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff has not pleaded any facts at all. Plaintiff submitted his complaint on a form approved for use in this District. Section 7 of that form directs the pleader to describe the factual allegations on which the complaint is based. This section of Plaintiff's complaint has been left completely blank. Therefore, Plaintiff's complaint obviously fails to state a set of facts on which relief can be granted.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint does not describe any acts or omissions by any possible Defendant that could entitle Plaintiff to any relief under any legal theory. Even with the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current complaint clearly fails to state any actionable claim for relief.

The Court further notes that Plaintiff is attempting to sue a defendant identified as "Ramsey County Work House." However, as far as the Court can tell, "Ramsey County Work House" is merely the name of a building (or a collection of buildings); it is not a cognizable legal entity that has the capacity to be sued. For this additional reason,

Plaintiff's complaint fails to state an actionable claim for relief. See De La Garza v. Kandiyohi County Jail, Correctional Institution, No. 01-1966 (8th Cir. 2001) 2001 WL 987542 (unpublished opinion) (upholding summary dismissal of action brought against a county jail, because it was not a suable entity).

Because Plaintiff's complaint does not set forth a cause of action on which relief can be granted, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 2, 2013

                       *s/ Jeffrey J. Keyes*
                       JEFFREY J. KEYES
                       United States Magistrate Judge

---

[1] The Court notes that Plaintiff filed a previous lawsuit in this District, in which he attempted to sue various Ramsey County employees, as well as Ramsey County itself. See Hayes v. County of Ramsey, Civil No. 11-2927 (RHK/AJB). That case was dismissed with prejudice about two months ago. Because Plaintiff has not pleaded any facts in his current complaint, it is impossible to know whether there is any similarity between the prior lawsuit and the lawsuit that Plaintiff is attempting to bring here. However, if Plaintiff is currently attempting to reinitiate the same claims that were dismissed in his prior case, the present case would undoubtedly be barred by the doctrine of res judicata, regardless of what was alleged in Plaintiff's current complaint.

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.